IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAUREN HEIL, Personal Representative of the Estate of Bradley Heil, Deceased;<br><br>**Plaintiff,**<br><br>vs.<br><br>BATIE CATTLE COMPANY, a Nebraska corporation;<br><br>**Defendant.** | 4:23CV3170<br><br>ORDER |

This matter is before the Court on Defendant's Objection to Plaintiff's Designation of Place of Trial and Motion to Designate Place of Trial in North Platte (Filing No. 7). Defendant asks that the Court move the place of trial from Plaintiff's selected location in Lincoln, Nebraska, to North Platte, Nebraska. Plaintiff opposes the motion. (Filing No. 12).

In deciding the place of trial, "a judge considers the convenience of the litigants, witnesses, and attorneys." NECivR. 40.1(b)(1). The party seeking to change the place of trial bears the burden of establishing that the place of trial should be moved. See *Withers v. Ryder Truck Rental, Inc.*, No. 7:20CV5001, 2020 WL 2542576, at *1 (D. Neb. May 19, 2020). The place of trial should not be disturbed "unless the movant makes a clear showing that the balance of interests weighs in favor of the movant." *Pals v. Weekly*, No. 8:17CV27, 2017 WL 1906609, at *1 (D. Neb. May 8, 2017). "A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other." *Id.*

Defendant requests the Court change the designation of the place of trial to North Platte because the parties are closer to North Platte, as Plaintiff is a resident of Colorado and Defendant is located in Dawson County, Nebraska. Defendant also alleges the events at issue in this lawsuit transpired in Overton, Dawson County, Nebraska, which is closer to North Platte. Defendant also asserts North Platte would be more convenient for counsel because Plaintiff's counsel is located in Scottsbluff, Nebraska and Defense counsel is located in Kearney, Nebraska. Defendant states there is no ostensible connection to Lincoln at all. (Filing No. 8).

Plaintiff opposes changing the place of trial at this time. Plaintiff recognizes that the underlying events took place in Overton, Nebraska, which is 155 miles from Lincoln and 75 miles from North Platte. However, Plaintiff asserts Defendant's answer and affirmative defenses will

require Plaintiff to provide testimony from medical witnesses located in Omaha, Nebraska. And, the witnesses and parties located in Colorado will have to travel a significant distance and be required to stay overnight, regardless of whether the trial is held in North Platte or Lincoln. Plaintiff suggests the Court stay consideration of this motion until the parties identify their trial witnesses so that the burden of travel does not disparately favor one party. (Filing No. 12).

After review, the Court finds it is premature to change the place of trial to North Platte from Plaintiff's requested location in Lincoln.[1] The deadline for the parties to make mandatory initial disclosures is not until November 14, 2023, and the parties have not yet prepared their Rule 26(f) Report, which is also not due until November 14, 2023. True, the allegations in the Complaint make it more likely that North Platte will be more convenient for some potential fact witnesses, but at this time neither the Court nor the parties know the identities and locations of other fact witnesses and any expert witnesses. Also, as Plaintiff points out, Plaintiff will be required to travel a significant distance and stay overnight regardless of whether trial is held in Lincoln or North Platte. The Court finds it more prudent to defer finalizing the place of trial until after the case progresses, written discovery commences, and witnesses are identified. Accordingly,

**IT IS ORDERED**: Defendant's Objection to Plaintiff's Designation of Place of Trial and Motion to Designate Place of Trial in North Platte (Filing No. 7) is denied without prejudice to reassertion after further case progression.

Dated this 2nd day of November, 2023.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

---

[1] The Court recognizes this district's local rules required Defendant to file its request for a different place of trial as a motion at the same time it filed an answer. See NECivR. 40.1(b) ("Each defendant . . . at the time of filing that defendant's first pleading in a civil action . . . may file a written request for trial at Omaha, Lincoln, or North Platte. A request for a place different from that requested by the plaintiff . . . must be filed as a motion."). However, this Court has also recognized that the balance of factors set forth in NECivR. 40.1(b)(1) often cannot be fully and appropriately weighed until after further case progression. See, e.g., *Addison Insurance Company v. The Pink Palace, LLC, et al.,* Case No. 8:17cv371 at ECF Filing No. 17 (D. Neb. September 21, 2016) (denying as premature defendant's motion filed the same date as the answer); *Eckhardt v. Five Star Quality Care-NE, LLC*, Case. No. 8:16cv533 at ECF Filing No. 10 (D. Neb. December 22, 2016) (denying as premature motion filed 14-days after removal); *Doe v. Schools District No. 32 et al.*, Case No. 4:17cv5010 at ECF Filing No. 17 (D. Neb. December 26, 2017) (denying motion "without prejudice to reassertion following the completion of some discovery").