IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAUREN HEIL, Personal Representative of the Estate of Bradley Heil, Deceased;<br><br>Plaintiff,<br><br>vs.<br><br>BATIE CATTLE COMPANY, a Nebraska corporation;<br><br>Defendant. | 4:23CV3170<br><br>ORDER |

      This matter is before the Court on Defendant's Renewed Objection to Plaintiff's Designation of Trial and Renewed Motion to Designate Place of Trial in North Platte. (Filing No. 89). Defendant asks that the Court move the place of trial from Plaintiff's selected location in Lincoln, Nebraska, to North Platte, Nebraska. Plaintiff does not oppose the motion. (Filing No. 92).

      Plaintiff commenced this action on September 11, 2023, arising out of a collision that resulted in the death of Bradley Heil. Plaintiff initially selected Lincoln, Nebraska, as the place of trial. (Filing No. 1). On October 12, 2023, in connection with its answer, Defendant filed an objection to Plaintiff's designation and a motion asking the Court to move the place of trial to North Platte. (Filing No. 7). On November 2, 2023, the Court denied that motion without prejudice, finding it was premature to make that determination. (Filing No. 13). Now that the written discovery, deposition, and expert disclosure deadlines have passed, Defendant has renewed its request to move the place of trial to North Platte. (Filing No. 91 at p. 2).

      In deciding the place of trial, "a judge considers the convenience of the litigants, witnesses, and attorneys." NECivR. 40.1(b)(1). The party seeking to change the place of trial bears the burden of establishing that the place of trial should be moved. *See Withers v. Ryder Truck Rental, Inc.*, No. 7:20CV5001, 2020 WL 2542576, at *1 (D. Neb. May 19, 2020). The place of trial should not be disturbed "unless the movant makes a clear showing that the balance of interests weighs in favor of the movant." *KCAS, LLC v. Nash Finch Co.*, 8:17CV439, 2018 WL 279356, at *1 (D. Neb. Jan. 3, 2018) (citing *Pals v. Weekly*, No. 8:17CV27, 2017 WL 1906609, at *1 (D. Neb. May 8, 2017)). "A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other." *Id.*

Defendant requests the Court change the designation of the place of trial to North Platte because the parties are closer to North Platte, as Plaintiff is a resident of Colorado and Defendant is in Dawson County, Nebraska. Defendant asserts North Platte is more convenient for both plaintiff's counsel, located in Scottsbluff, Nebraska, and defense counsel, located in Kearney, Nebraska. Defendant represents that the vast majority of fact witnesses are closer to North Platte than to Lincoln, and the majority of Plaintiff's designated experts, including CHI medical providers in Kearney, Nebraska, are closer to North Platte. Further, Defendant does not anticipate that anyone will testify at trial who resides in Lincoln or in Lancaster County. As such, Defendant contends the convenience of litigants, witnesses, and attorneys all demonstrate trial is more appropriately set in North Platte.

While Plaintiff does not oppose Defendant's motion, Plaintiff is concerned about the availability and convenience of the decedent's medical doctors located in Omaha. (Filing No. 92). The Court is confident counsel can reach agreements about securing those provider's testimony, and any other witnesses' testimony impacted by the change of trial, by agreeing to trial depositions or testimony via videoconference. Therefore, after reviewing the materials submitted by Defendant, and with due consideration of all factors pursuant to NECivR 40.1(b)(2), the Court finds that the place of trial should be moved to North Platte, Nebraska. Accordingly,

**IT IS ORDERED**:

1. Defendant's Renewed Objection to Plaintiff's Designation of Trial and Renewed Motion to Designate Place of Trial in North Platte (Filing No. 89) is granted. The Clerk of Court shall amend the docket sheet to reflect the place of trial is North Platte, Nebraska.

2. A telephone conference to discuss the pretrial and trial settings in light of the new trial designation is set before the undersigned magistrate judge on **March 27, 2025, at 11:00 a.m.** Counsel shall use the WebEx Conference Instructions (Filing No. 64) to participate in the call.

Dated this 13th day of March, 2025.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge