IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAUREN HEIL, Personal Representative of the Estate of BRADLEY HEIL, | |
| Plaintiff, | 4:23-CV-3170 |
| vs. | MEMORANDUM AND ORDER |
| BATIE CATTLE COMPANY, a Nebraska corporation, | |
| Defendant. | |

A jury trial for this case is set to begin on October 27, 2025. The plaintiff, Lauren Heil, represents the estate of the deceased Bradley Heil. At the time of his death, Heil was an independent contractor working for the defendant, Batie Cattle Company. This matter comes before the Court on both parties' motions to exclude certain expert testimony. Filing 95; filing 99.

I. STANDARD OF REVIEW

Under Federal Rule of Evidence 702, expert testimony must meet three criteria: (1) it must be useful to the finder of fact, (2) the expert must be qualified, and (3) the testimony must be reliable or trustworthy. *Crabar/GBF, Inc. v. Wright*, 142 F.4th 576, 587 (8th Cir. 2025); *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 777 (8th Cir. 2021); *see also Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993).

The objective of the *Daubert* inquiry is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Am. Auto. Ins. Co. v. Omega Flex,*

*Inc.*, 783 F.3d 720, 722 (8th Cir. 2015). This is a flexible, case-specific inquiry: the Court must decide whether a particular expert had sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case. *Id.* at 723. The Court must also determine whether the reasoning or methodology is valid and can be applied to the facts of the case, focusing on the methodology and not the conclusions. *In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1000-01 (8th Cir. 2019).

Expert testimony is inadmissible if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006); *In re Wholesale Grocery Prod.*, 946 F.3d at 1001. A district court is not required to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). An expert opinion that is "so fundamentally unsupported that it can offer no assistance to a jury" will be excluded. *Loudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir. 1988); *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 614 (8th Cir. 2011).

However, in general, the factual basis of an expert opinion goes to credibility, not admissibility, and it is up to the opposing party to examine the factual basis for the opinion on cross-examination. *Crabar/GBF*, 142 F.4th at 587; *In re Bair Hugger*, 9 F.4th at 786; *see also Daubert*, 509 U.S. at 596. Cases "are legion that under *Daubert*, liberal admission is prevalent and courts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *In re Wholesale Grocery Prod.*, 946 F.3d at 1001 (cleaned up).

## II. DISCUSSION

The defendant hired Heil through the company he owned with his father and sister, Heil Harvesting, to help harvest corn. In October 2021, Heil used the

defendant's equipment—specifically, a Peterbilt truck and a pup trailer—to load corn into a grain elevator. The facts are disputed, but the parties appear to agree that, while Heil was operating the truck, the right rear brake locked. Heil crawled under the truck attempting to fix the problem but, for reasons heavily contested, the truck and trailer rolled backwards, and Heil was crushed underneath. Heil died from his injuries.

The plaintiff's theory of the case is that Heil died because the defendant breached its duty of reasonable care by providing a truck with a defective brake system. The defendant asserts that the equipment was not faulty, or, even if it was, Heil knew or should have known about those faults. The defendant asserts Heil's own negligence led to the accident, either because Heil failed to properly engage the brake system when he crawled under the truck, or because Heil assumed the risk of operating the truck with a known faulty brake system. Both parties have designated experts to support their theories of causation.

1. PLAINTIFF'S MOTION

*Stigge and Mink*

The plaintiff seeks to exclude some of the opinions of Jason Stigge and Richard Mink. Stigge and Mink are mechanical engineers who inspected the truck and are expected to testify that there was no issue with the brakes at the time of Heil's accident. The plaintiff does not object to these experts testifying as to the function of the brake system at issue. Rather, the plaintiff asserts these experts have no basis to opine on the relevant standard of care for commercial truck drivers. Relatedly, the plaintiff asserts that these experts' opinions on the standard of care impermissibly rely on federal regulations. And the plaintiff asserts the experts rely on assumptions that lack a sufficient factual basis.

3

Stigge and Mink are expected to testify that, because he held a CDL, Heil must have performed a pre-trip inspection of the Peterbilt truck before operating it, as purportedly required by the FMCSA regulations and various state CDL manuals. *See* filing 101-8 at 14. Accordingly, Stigge and Mink are of the opinion that the brakes were functional when Heil drove the truck—otherwise, his pre-trip inspection would have uncovered any defect and he would not have driven it. *See* filing 101-8 at 15. If the brakes were functional, then the cause of the accident was because Heil "did not set either the truck's or the trailer's parking brakes prior to crawling under the truck." *Id.*

The experts rely on the FMCSA regulations and CDL manual requirements to explain their assumptions about what Heil did prior to driving the truck. The plaintiff is welcome to challenge these assumptions on cross-examination, but the Court is not persuaded that the experts' use of legal principles or their assumptions render the opinions inadmissible. It's true, as the plaintiff points out, that it is the jury's job to determine what Heil did or didn't do before he drove the truck, and whether or to what extent Heil's actions affected his injuries. But the experts' opinions will help the jury determine these issues. While the plaintiff argues the assumptions relied upon are illogical or unfounded, cross-examination is the proper method to point out those alleged shortcomings to the jury. *See Daubert,* 509 U.S. at 596.

The Court agrees that it is likely improper for Stigge and Mink to opine on the standard of care required of commercial truck drivers. The defendants make no justification for Stigge's expertise on this topic, and only point to the fact that Mink happens to have a CDL, for reasons apparently unrelated to his current employment or area of expertise. *See* filing 108 at 21. But based on the record before the Court, the experts will only incidentally speak to the standard of care to explain their assumptions about the functionality of the brakes and the cause

4

of the accident. The defendant's evidence of the standard of care will primarily come from two other, non-retained experts, and Stigge and Mink's testimony may become confusing or cumulative. The plaintiff is welcome to object to the extent Stigge and Mink's testimony goes beyond this incidental discussion.

*Illustrative Aids*

The plaintiff also seeks to exclude certain computer-generated images and video animations created by Stigge prior to his deposition. *See* filing 100 at 29. According to the plaintiff, these aids are misleading because they do not perfectly represent the state of the Peterbilt's brakes at the time of the accident or at the time of the experts' inspections.

Illustrative aids are permitted to help the jury understand the evidence, if the aid's utility is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time. Fed. R. Evid. 107. The defendant asserts that the challenged aids will be helpful to the jury to demonstrate the "general principles of air brakes" and foundation brakes. Filing 108 at 33.

Given the complexity of the air brake and foundation brake systems described by both parties' experts, and the importance of the truck's brakes to both parties' theories of the case, the Court is persuaded that the demonstrative exhibits will be helpful to the jury to understand, in general terms, how the system is supposed to work. The parties will obviously make their respective case to the jury about how the brake system *actually* functioned the day of the accident, and what issues may have been present that played a role. The Court is not persuaded that this utility is *substantially* outweighed by the risk of misleading the jury or confusing the issue, particularly where the plaintiff can cross-examine the experts and identify the differences between the illustrative

aids and the actual Peterbilt brake system involved in the accident, and identify the factual disputes between the parties.

## 2. DEFENDANT'S MOTION

The defendant has moved to exclude four of the plaintiff's expert witnesses in their entirety: Michael Vaughn, Bryan Roelfs, Carl Finocchiaro, and Gene Crever. Vaughn and Roelfs (the "appraisal experts") provided opinions on the value of Heil's share of a company which was sold after he died. Finocchiaro and Crever (the "liability experts") are forensic engineers who provided opinions about the cause of the accident that led to Heil's death. The defendant argues the plaintiff's expert opinions are unreliable, speculative, and not based on sufficient facts. Filing 98.

### *Appraisal Experts*

The plaintiff has represented that she does not intend to call Bryan Roelfs at trial. Filing 109 at 27. The defendant's motion to exclude that expert is therefore granted.

The defendant challenges the factual basis of Vaughn's opinions regarding the value of Heil Harvesting. Filing 98 at 5-6. These challenges go to weight, not admissibility, and the defendant can challenge the expert's factual basis on cross-examination. *Crabar/GBF,* 142 F.4th at 587-88; *In re Bair Hugger,* 9 F.4th at 786; *Loudermill,* 863 F.2d at 570. The expert analyzed information provided by the plaintiff, and the Court is satisfied that the expert had a sufficient basis to develop an opinion that will be helpful to the jury.

The defendant also argues that Vaughn's testimony will be cumulative because other evidence of the value of the company will be available to the jury. The Court agrees with the plaintiff that Vaughn's testimony will be helpful to the jury to explain how the value of Heil Harvesting was calculated, both by Vaughn

6

and the separate appraiser, and what the plaintiff lost when Bradley died. *See* filing 109 at 28. The defendant's motion to exclude Vaughn will be denied.

*Liability Experts*

The defendant argues that the liability experts "did not reliably apply the appropriate methodology because they failed to consider obvious alternatives and conduct necessary testing." Filing 112 at 1. There is no requirement to "consider every possible alternative explanation," but an expert must account for "obvious" alternatives. *Crabar/GBF*, 142 F.4th at 588.

The defendant makes many challenges to the factual basis of these expert opinions. Specifically, the defendant argues the opinions are unreliable and inadmissible because of the failure to perform certain tests and the failure to investigate obvious alternatives, and because they relied on the physical condition of the truck in 2023 when the accident occurred in 2021. *See* filing 112 at 6.

The experts explained the "numerous defective conditions" identified in the truck at issue, and explained their reasoning as to why those conditions caused the accident. *See* filing 97-5 at 7-8. The experts also considered alternatives, but, after reviewing post-accident video footage and witness testimony, they determined that the trailer's defects caused the accident. Filing 97-5 at 6. This is a sufficient factual basis upon which the experts' opinions rely, though the defendant may challenge this basis on cross-examination. *Crabar/GBF,* 142 F.4th at 587-88.

The defendant also argues that because the truck was not inspected until several years after the accident, any findings based on the condition of the truck are too speculative and cannot support the experts' findings. However, the experts did not *only* rely on their physical inspection; they reviewed body camera footage and other evidence to determine the status of the truck and determine

7

any cause of the accident. The Court is not persuaded that these alleged deficiencies render the experts' opinions unhelpful to the jury. *See Crabar/GBF, 142 F.4th at 588*; *In re Zurn Pex Plumbing Prod. Liab. Litig., 644 F.3d 604, 614 (8th Cir. 2011)*.

Each one of the defendant's arguments goes to weight, not admissibility, and the motion to exclude the opinions of Finocchiaro and Crever is denied.

### III. CONCLUSION

This case is set to be tried in late October. The Court intends to hold a pretrial hearing, currently scheduled for September 29, 2025, to discuss the scope of this Order, or to take up any other evidentiary or procedural matters that may arise.

IT IS ORDERED:

1. The plaintiff's motion (filing 99) is denied.

2. The defendant's motion (filing 95) is granted in part and denied in part.

Dated this 6th day of August, 2025.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge

8